UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARGARET COOPER LEWIS                CIVIL ACTION NO. 19-cv-1684

VERSUS                               JUDGE FOOTE

BUS CO., ET AL                       MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Margaret Cooper Lewis ("Plaintiff"), who is self-represented, filed this civil action and alleged that she was injured in a bus accident. The caption of her complaint lists the defendant as Sportran Bus Co., and the defendant listed in the body of the complaint is "City Bus Driver" in Shreveport. Plaintiff alleges that the driver did not allow her to be seated before the incident, which caused damages to her back, head, and memory. She asks for $150,000 in damages and $500 in punitive damages. She also asks that the court "warn the driver to be more careful." For the reasons that follow, it is recommended that the complaint be dismissed for lack of subject matter jurisdiction.

**Basis to Review Complaint**

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the

complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

**Diversity Jurisdiction**

One basis for original jurisdiction is diversity jurisdiction under 28 U.S.C. § 1322. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. Plaintiff's complaint was filed on a Pro Se 1 complaint form provided by the court. It asked Plaintiff to check a box and provide additional information regarding the basis of federal court jurisdiction.

Plaintiff did not check the box for diversity of citizenship (or federal question). In the portion of the form that asks about the citizenship of the parties, Plaintiff wrote that she and Sportran are citizens of Louisiana. That fact destroys any basis for diversity jurisdiction. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

**Federal Question Jurisdiction**

The complaint also lacks a basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff's complaint form asked her to list the specific federal statute or provision of the constitution that is at issue in this case. She wrote: "Under 28 U.S.C. 1331, a case arising under the United State Constitution or federal laws or treaties is a federal question case." That is true, but Plaintiff still did not identify any federal law or constitutional provision that could be a basis for what appears to be a personal injury negligence claim. It may be that Plaintiff has a state law claim against her fellow Louisiana citizens, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). Plaintiff's complaint does not sufficiently invoke a federal claim for this court to exercise federal question jurisdiction.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and she has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. She may be able to assert a state law claim for negligence in state court, but this federal court lacks jurisdiction to hear her claim.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge